IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**ETHAN JEROME MOORE,**

      Movant,

v.                                      Civil Action No. 3:09-cv-01262
                                      (Criminal No. 3:99-cr-00090-01)

**UNITED STATES OF AMERICA,**

      Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Movant's *pro se* "Motion to Correct Clear Sentencing Error in Order to Prevent a Manifest Injustice" (Docket No. 126) and "Request Leave to Withdraw the Motion to Correct Clear Sentencing Error" (Docket No. 159).[1] This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully recommends that (1) Movant's Motion to Correct Clear Sentencing Error be denied as a successive Motion under 28 U.S.C. § 2255, (2) that his Motion to withdraw be denied, and (3) that this action be dismissed, with prejudice, and removed from the docket of the Court.

---

[1] Because Movant is acting *pro se,* the pleadings which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and are, therefore, construed liberally. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

1

## I.   Factual and Procedural Background

Movant is currently serving a life term of imprisonment in the Federal Correctional Institution (FCI) in Beckley, West Virginia. On August 9, 1999, Movant pleaded guilty to a superseding indictment charging him as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g), 924(a)(2) and 924(g)(1).[2] (Docket Nos. 38 and 39). On November 30, 1999, the Court entered judgment against him and imposed a sentence of life imprisonment.[3] (Docket Nos. 56 and 55).

On direct appeal, Movant challenged the District Court's application of the Federal Sentencing Guidelines, arguing that (1) he lacked the requisite intent to be sentenced using the base Offense Level for attempted murder; and (2) the Court erred in declining to grant him a reduction in Offense Level for his acceptance of responsibility. (Docket No. 70); *United States v. Moore*, No. 99-4912 (4th Cir. 2000) (unpublished). The Fourth Circuit Court of Appeals found no merit in either of Movant's contentions and affirmed his conviction and sentence. (*Id.*).

On December 19, 2000, Movant filed his first Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, contending that (1) he was denied effective assistance of counsel; (2) his guilty plea was not voluntary or intelligent; and (3) his conviction was obtained by use of a coerced confession. (Docket No. 72). The United States Magistrate Judge issued proposed findings and a recommendation that

---

[2] According to the Fourth Circuit, the events giving rise to Movant's indictment involved Movant breaking into his estranged wife's residence, stealing a revolver, and embarking on a violent spree that left two people with gunshot wounds to the head and ended only after the arresting officer fired and wounded Movant a number of times. (Docket No. 70); *United States v. Moore*, No. 99-4912 (4th Cir. 2000) (unpublished).

[3] The Court calculated Movant's total offense level as 37 and his criminal history category as VI, which under the Federal Sentencing Guidelines, resulted in a range of 360 months to life imprisonment, 3 to 5 years of supervised release, and a fine and special assessment.

2

Movant's Motion be denied. (Docket No. 79). Movant did not file objections to the Magistrate's proposed findings and recommendation; accordingly, the District Court denied Movant's § 2255 Motion and dismissed his action. (Docket No. 80). Nineteen months later, Movant appealed the dismissal, but the Fourth Circuit Court of Appeals rejected the matter as untimely. (Docket No. 93).

On December 29, 2003, Movant filed a second § 2255 Motion challenging his conviction and sentence, again asserting that his guilty plea was involuntary and that he received ineffective assistance of counsel. He later raised by addendum additional claims based upon the Supreme Court's ruling in *Crawford v. Washington*, 541 U.S. 36 (2004). (Docket Nos. 87, 88, and 102). The District Court denied Movant's Motion, finding that it was successive and filed without authorization from the Court of Appeals; therefore, the District Court was precluded by 28 U.S.C. § 2255, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), from considering the Motion. (Docket No. 117).

On November 18, 2009, Movant filed the instant "Motion to Correct Clear Sentencing Error in Order to Prevent a Manifest Injustice" and affidavit in support, arguing that the District Court erred by determining Movant to be an armed career criminal under 18 U.S.C. § 924(e). According to Movant, two of the three prior offenses used to qualify him as an armed career criminal did not meet the criteria of a predicate offense under the express language of the statute. (Docket Nos. 126 and 127). Movant alleged that if his sentence had not been enhanced by application of the armed career criminal provisions, his final Offense Level under the Federal Sentencing Guidelines would have been 27, rather than 37. While his criminal history category would have remained the same, Movant asserted that the decreased Offense

3

Level would have resulted in a sentencing range of 120 to 150 months of imprisonment, rather than 360 months to life imprisonment. Moreover, he would not have been subjected to the 15 year mandatory minimum sentence provided in 18 U.S.C. § 924(e). (Docket No. 126 at 4).

Upon initial review, the United States Magistrate Judge construed Movant's "Motion to Correct Clear Sentencing Error in Order to Prevent a Manifest Injustice" under 28 U.S.C. § 2255 and ordered the United States to respond within 30 days. (Docket No. 141). The United States responded that Movant's Motion was successive and that pursuant to 28 U.S.C. § 2255, as amended by the AEDPA, he was required to receive pre-filing certification from the Fourth Circuit Court of Appeals indicating that this successive § 2255 motion contained (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (Docket No. 143). Noting that Movant had not attempted to receive certification from the Court of Appeals, the United States argued that the District Court lacked jurisdiction to entertain Movant's successive § 2255 Motion and it should, therefore, be summarily dismissed. (*Id.*). The United States further asserted that Movant had repeatedly sought and received review of his sentence and, as a matter of law, should be precluded from raising the issue again. (*Id.*).

Movant replied to the United States' Response, arguing that his Motion to Correct Sentencing Error was filed pursuant to 18 U.S.C. § 3582(c)(1)(B) and not 28 U.S.C. § 2255. (Tr. at 149). However, prior to any ruling by the Court, on August 1,

2011, Movant abandoned that position and filed a request to withdraw his Motion to Correct Clear Sentencing Error, acknowledging that he "cannot meet the gatekeeping provisions of 28 U.S.C. § 2255 and has to proceed through the Original Writ of Habeas Corpus under 28 U.S.C. § 2241 . . . in the district court within the of (sic) his place of confinement." (Docket No. 159).

## II. Discussion

Although Movant apparently concedes that the Motion before the Court is a successive motion filed pursuant to 28 U.S.C. § 2255, the issue merits some review prior to disposition. The law is well-settled that an application under 28 U.S.C. § 2255 is the exclusive remedy for testing the validity of federal judgments and sentences. *In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000); *See also Thrower v. Phillips,* 2009 WL 1683245 (N.D.W.Va.), citing *In re Jones, supra* at 332-333. Title 28 U.S.C. § 2255 is the mechanism through which a federal prisoner collaterally attacks a sentence that was "imposed in violation of the Constitution or laws of the United States" or that was "in excess of the maximum authorized by law." 28 U.S.C. § 2255. In contrast, a motion made pursuant to 18 U.S.C. § 3582 seeks modification or correction of a sentence based upon some explicit and limited exception to the principle of finality of judgment.[4]

Movant previously argued that his Motion sought relief under § 3582(c)(1)(B), which states that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of

---

[4] 18 U.S.C. § 3582 allows a sentence to be (1) corrected pursuant to the provisions of Rule 35 of the Federal Rules of Criminal Procedure and section 3742; (2) appealed and modified if outside the guideline range; or (3) modified pursuant to the provisions of subsection (c).

5

Criminal Procedure." However, Movant failed to identify any particular statute that expressly permitted a sentence reduction in his case and equally failed to state facts that placed his case within the circumstances outlined in Rule 35.[5] Instead, Movant simply argued that the District Judge misapplied the provisions of 18 U.S.C. § 924 when imposing a sentence of imprisonment. Movant did not suggest that 18 U.S.C. § 924 expressly authorized sentence modification; instead, he contended that his sentence contravened the explicit language contained in the statue and, thus, was "unconstitutional." As such, Movant unequivocally attacks the validity of his sentence through this Motion; accordingly, 18 U.S.C. § 3582 is inapplicable. *See Jones v. U.S.*, 2011 WL 837763, *1 (D.Md. 2011) (Movant's Motion styled as a 18 U.S.C. § 3582 motion and challenging, *inter alia*, that his sentence was unlawfully enhanced was properly construed as a successive § 2255 Motion); *See also U.S. v. Stevenson*, 2011 WL 739433, *1 (W.D.Va. 2011) (Motion styled under 18 U.S.C. § 3582(b), asserting that a prior conviction on which the court relied to sentence defendant as an armed career criminal did not qualify as a prerequisite conviction under 18 U.S.C.A. § 924(e), was properly construed as a § 2255 Motion and dismissed as successive).

Having determined that the instant Motion is properly construed as one filed under § 2255, it is clear that the District Court lacks jurisdiction to consider it. Section 2255, as amended by the AEDPA, prohibits the filing of a second or successive motion to vacate, set aside, or correct a sentence unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals and

---

[5] Rule 35 of the Federal Rules of Criminal Procedure permits the Court to correct an arithmetical, technical, or other clear error within fourteen days after imposition of a sentence and allows the Court to reduce a sentence for a defendant's substantial assistance upon motion of the United States. Neither circumstance exists in this case.

6

found to contain newly discovered evidence bearing on the innocence of the movant, or "a new rule of constitutional law, made retroactive to cases on collateral review the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *See also United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003). In this case, Movant previously filed two § 2255 Motions, which related to the same judgment and sentence that he presently challenges. His first § 2255 Motion was denied on the merits and his second was denied as successive without authorization from the Court of Appeals. (Docket Nos. 80 and 117). Movant concedes that he cannot overcome the gatekeeping requirements of § 2255. Therefore, inasmuch as Movant presents a successive Motion under 28 U.S.C. § 2255 without authorization from the Fourth Circuit, the District Court is precluded from considering it. 28 U.S.C. § 2255; *In re Vial,* 115 F.3d 1192, 1197-1198 (4th Cir. 1997).

Movant indicates that he intends to re-file his Motion as an Application for Writ of Habeas Corpus under 28 U.S.C. § 2241. The undersigned is disinclined to recharacterize the Motion as a § 2241 Writ of Habeas Corpus because that avenue is similarly unavailable to Movant. "A Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief." *Ross v. United States,* 2011 WL 2517256 at *2 (S.D.W.Va.), *citing* Chapter 153, Title 28 of the United States Code. A petition filed pursuant to § 2241 must allege facts involving the "applicant's commitment or detention" and pertain to the *manner* in which the sentence is executed or calculated rather than its underlying validity. *Id.; See also United States v. Miller,* 871 F2d 488, 490 (4th Cir. 1989)(*per curiam*). In contrast, a § 2255 motion alleges that a prisoner's sentence is invalid, because it was imposed in

7

violation of the Constitution or other federal law or is otherwise subject to collateral attack. *See U.S. v. Bradshaw*, 86 F.3d 164 (10th Cir. 1996). The remedy under § 2241 is not an additional, supplemental, or alternative remedy to that permitted by § 2255. Instead, "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000).

Notwithstanding the above, a prisoner may file an application under § 2241 when a motion under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). However, this exception, referred to as the "savings clause," is limited, applying only when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones, supra* at 333-334. The movant bears the burden of establishing the inadequacy or ineffectiveness of § 2255. *McGhee v. Hanberry,* 604 F.2d 9, 10 (5th Cir. 1979). The mere fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of the Section does not render it ineffective or inadequate. *In re Jones, supra* at 333-334; *See also Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010). "It is the inefficacy of the remedy, not the personal inability to use it that determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States,* 290 F.3d 536, 538-539 (3rd Cir. 2002).

Moreover, and perhaps more importantly to the case at bar, "Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.2d. 263, 267 (4th Cir. 2008), citing *In re Jones, supra* at 333-334.

Consequently, the undersigned **FINDS** the following:

(1) Movant's Motion to Correct Sentencing Error is properly construed as a successive Motion under 28 U.S.C. § 2255;

(2) Movant has not received pre-filing authorization from the Fourth Circuit Court of Appeals, and this Court, therefore, lacks jurisdiction to consider a second or successive 28 U.S.C. § 2255 Motion; and

(3) Movant does not assert sufficient grounds to properly recharacterize his Motion as an Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The undersigned further concludes that this action should be dismissed with prejudice despite Movant's request to withdraw his Motion or for the Court to dismiss his action without prejudice. Dismissal without prejudice is not warranted and a withdrawal of the Motion yields no advantage. Inasmuch as this is not Movant's first § 2255 Motion, he will be subject to the second or successive gatekeeping requirements on future § 2255 Motions regardless of whether this action is dismissed without prejudice or withdrawn. *See Wilson v. Williamson*, 2006 WL 218203, *2 (S.D.W.Va. 2006). In other words, any future Motion filed by Movant based on the same grounds asserted here will constitute a successive § 2255 application and must be authorized by the Fourth Circuit Court of Appeals even if this Court were to dismiss this action without prejudice or allow Movant to withdraw it.

### III. <u>Proposal and Recommendations</u>

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** the following:

**1.** Movant's "Motion to Correct Clear Sentencing Error in Order to Prevent a Manifest Injustice" (Docket No. 126) be **DENIED**;

**2.** Movant's "Request Leave to Withdraw the Motion to Correct Clear Sentencing Error" (Docket No. 159) be **DENIED;** and

**2.** This civil action be **DISMISSED, with prejudice,** and removed from the docket of this Court.

Movant is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Movant shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Movant, the respondent, and any counsel of record.

**FILED**:  August 19, 2011.

Cheryl A. Eifert
United States Magistrate Judge